## Saylor v. Commonwealth.

(Decided May 8, 1914.)

### Appeal from Magoffin Circuit Court.

1.  Venue—Change of Venue—Refusal To Grant—When Ground for Reversal.—A decision of the trial court, either in granting or refusing a change of venue in a criminal case, will not be disturbed by the Court of Appeals, unless the decision was based upon a ground not authorized by the statute or amounted to an abuse of discretion.

2.  Instructions—Peremptory Instruction Directing an Acquittal—When Authorized.—The trial court has the same right to give a peremptory instruction in a criminal case that it has in a civil action. If the evidence relied on by the Commonwealth for a conviction fails to incriminate the defendant, or is wholly insufficient to show that he is guilty of the offense charged, it is not only the right but the duty of the trial judge to instruct the jury to return a verdict of not guilty. This rule of practice is not found directly in either the Code or Statutes, but it is firmly established as a part of the criminal jurisprudence of the State and should control the lower courts in the disposition of criminal cases.

D. G. SUBLETT, D. D. SUBLETT and M. M. FERGUSON for appellant.

JAMES GARNETT, Attorney General, D. O. MYATT, Law Clerk, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

The appellant, Denny Saylor, was indicted in the Magoffin Circuit Court for killing Mack Bailey. The indictment contained two counts, the first charging him with wilful murder and the second charging him with conspiring with one Bud Collins to kill Bailey. He was tried at the May term, 1913, but the jury then disagreed and did not return a verdict. The Commonwealth, complaining of the refusal of the lower court to give an instruction on that trial upon the law of voluntary manslaughter, prosecuted an appeal from the ruling in question to obtain this court's decision and certification of the law thereon. It was held on that appeal that the circuit court erred in refusing to give the instruction on voluntary manslaughter, and in the opinion directed that such instruction be given upon another trial of the case. Commonwealth v. Salyor, 156 Ky., 249.

Following that decision and its certification to the circuit court as the law of the case, appellant was again tried under the indictment, the trial resulted in a verdict finding him guilty of voluntary manslaughter, upon which judgment was entered, fixing his punishment at confinement in the penitentiary not less than two nor more than twenty-one years, as provided by the Indeterminate Sentence Law. Having been refused a new trial, he has appealed.

The first ground urged for a reversal is that the trial court erred in refusing appellant a change of venue. The application for such change was made by petition in which it was in substance stated that, immediately following the killing of Bailey, there was such excitement in Magoffin County over the homicide that the State militia were called into service to assist the sheriff of the county to make arrests and prevent mob violence; that Bailey was related to the county judge, county attorney, sheriff and circuit court clerk of Magoffin County, and that these officers, with other relatives of the decedent, after the killing interested themselves in creating public sentiment against appellant, with a view of obtaining his conviction, because of which and the prejudice existing against him in the county, he could not obtain a fair and impartial trial therein. The petition was supported by the affidavits of two disinterested residents of the county, not related to nor of counsel for appellant, who expressed the opinion that by reason of the facts set forth in the petition appellant would be unable to obtain an impartial trial in Magoffin County. The allegations of the petition and statements contained in the affidavits in support thereof were specifically denied by a pleading entitled "Answer and Response," filed by the Commonwealth's Attorney; and controverted by the affidavits of certain citizens of the county, filed at the same time.

We have repeatedly held that the decision of the trial court, either in granting or refusing a change of venue in a criminal case, will not be disturbed unless it was based upon some ground not authorized by the statute or amounted to an abuse of discretion; and this is particularly so when the evidence for and against the change is so conflicting as to make it difficult to determine on which side it preponderates. Mount v. Commonwealth, 120 Ky., 398; Fletcher v. Commonwealth, 123 Ky., 571; Penman v. Commonwealth, 141 Ky., 660; Martin v. Common-

wealth, 30 R., 1196. The rule announced must be applied in this case, for it is not apparent from the evidence appearing in the record that the refusal of the change of venue complained of by appellant was an abuse of discretion on the part of the trial court.

Appellant's second ground for a reversal is that the trial court erred in refusing to peremptorily instruct the jury to find him not guilty; it being his contention that there was no evidence conducing to prove his guilt. In order to properly pass on this contention careful consideration of the evidence appearing in the record will be required. As the opinion in Commonwealth v. Saylor, *supra,* contains an elaborate statement of all the evidence introduced by the Commonwealth and appellant on the first trial of the case, and a comparison thereof with the evidence furnished by the record on this appeal shows it to have been substantially the same on both trials, it is deemed unnecessary to here reproduce it in detail. It is conceded by counsel for the Commonwealth that Bud Collins, a cousin of appellant, shot and killed Bailey, but insisted that appellant conspired with Collins to commit the crime and aided him in its commission. The evidence furnishes a motive on the part of Collins for the killing, as it shows that he and Bailey were waiting upon the same girl and that at a gathering at the home of Collins' uncle and appellant's father. which took place two or three nights before the homicide, a difficulty occurred between Collins and Bailey because of the girl's apparent preference for Bailey. Appellant, however, according to the evidence, took no part in that difficulty, but on the contrary was then, prior thereto and down to the time of the killing, on friendly terms with Bailey. The following evidence is relied on by the Commonwealth as tending to show the alleged conspiracy between appellant and Collins, and that the former aided and abetted the latter in the killing, namely: That they were together at the country church on the evening of the homicide and just before its occurrence; that they left the church together on Collins' mule, appellant riding in the saddle and Collins behind him; that as they proceeded on the way they overtook Bailey, the young lady to whom he and Collins were paying their addresses, and others, walking in the direction of their homes; that upon reaching them the mule was stopped, Collins dismounted and with pistol in hand ad-

vanced upon Bailey and shot and killed him, appellant in the meantime remaining seated upon the mule; that immediately following the shooting appellant in substance said to Collins, "You have done what you came to do, now get away;" that Collins then made his escape by running away and a few minutes later appellant leisurely rode off in the direction of his home. It also appears from the evidence of the Commonwealth that Collins was very much intoxicated at the time of the killing and that he was armed with a pistol, which he fired off once or twice after leaving the church and before overtaking Bailey and those who were with him, and that as he and appellant overtook Bailey the latter remarked, with reference to the shooting done by Collins, that he (Collins) was "bluffing."

Appellant, testifying in his own behalf, denied that he conspired with Collins to kill Bailey or that he knew of the purpose of the latter to shoot Bailey until the shooting occurred; and stated that he rode with Collins upon his mule for the purpose of getting him to his home and of preventing a difficulty between Collins and Bailey; that when Collins got off the mule immediately before the shooting occurred, he caught him by the arm and tried to prevent him from dismounting; and that he did not after the shooting, or at any time, say to Collins, "You have done what you came to do, now get away."

Of the many persons present at the time of the killing only one of them, Lonnie Litteral, professed to have heard the above remark from the appellant. The others testified that if such a statement was made by appellant they did not hear it, and it is apparent from the testimony of Litteral that he was not positive in his recollection as to what was said by appellant, for his statement was: "*I think I heard* defendant say to Collins, 'You have done what you came to do, now get away.'" Two of the bystanders corroborate appellant's statements as to his catching Collins by the arm and attempting to prevent him from dismounting just before he killed Bailey.

After a careful consideration of all the evidence and every fact legitimately deducible therefrom, we are convinced that as a whole it merely creates a suspicion of appellant's guilt. The law in a criminal case requires that the guilt of the accused shall be established by the evidence to the exclusion of a reasonable doubt, and where the evidence as a whole creates only a sus-

picion that the defendant might be guilty, there is nothing to submit to the jury. The circumstances show, it is true, that appellant put himself in bad company, but they manifest nothing in his conduct that can fairly be regarded inconsistent with his innocence; whatever suspicion of guilt they may have raised was dispelled by the evidence in his behalf and as a whole. If correct in the above conclusion as to the meaning and effect of the evidence, it follows that the circuit court erred in refusing the peremptory instruction directing an acquittal, asked by appellant at the conclusion of all the evidence.

The trial court has the same right and authority to give a peremptory instruction in a criminal case that it has in a civil action or proceeding. This rule of practice has long been recognized in this jurisdiction. In Blankenship v. Commonwealth, 147 Ky., 768, we quoted with approval the following statement of the rule found in Murphy v. Commonwealth, 33 R., 141:

"The trial judge has the same right and authority to give a peremptory instruction in a criminal proceeding that he has in a civil action. And if the evidence introduced in behalf of the Commonwealth fails to incriminate the defendant or is wholly insufficient to show that he is guilty of the offense charged, it is not only the right but the duty of the trial judge to instruct the jury to return a verdict of not guilty. * * * This rule of practice is not found directly in either the Code or Statutes, but it is firmly established as a part of the criminal jurisprudence of the State, and is uniformly applied by this court in considering appeals in criminal cases where a reversal is asked because the verdict is flagrantly against the evidence or is not supported by sufficient evidence; and should control the lower courts in the disposition of criminal cases." Vowels v. Commonwealth, 83 Ky., 193; Patterson v. Commonwealth, 86 Ky., 313; Lucus v. Commonwealth, 147 Ky., 744; Sprouse v. Commonwealth, 122 S. W., 134.

The foregoing rule cannot be applied where there is any evidence of the guilt of the accused, for it is an equally well recognized doctrine that where there is any evidence of the guilt of the accused, whether it is sufficient to warrant a conviction is a question for the jury; but the reversal will be proper when there is no evidence showing guilt. Levering v. Commonwealth, 132 Ky., 666; Watson v. Commonwealth, 132 Ky., 46; Webb v. Com-

monwealth, 30 R., 841; Payne v. Commonwealth, 33 R., 229.

The questions decided on this appeal were not presented by the appeal in Com. v. Saylor, *supra*. The only question there decided was, whether the circuit court erred in the first trial in failing to give an instruction as to voluntary manslaughter; and it was held that the instruction should have been given. In passing on that question consideration of the evidence was necessary, hence it fully appears in the opinion; but the court did not consider it, or express any opinion, as to its effect upon the questions here involved; therefore, in arriving at the conclusions expressed in this opinion we were in no way hampered or controlled by the opinion on the former appeal.

If there should be another trial of this case and the evidence relied on for a conviction does not materially differ from that of the last trial, the jury should be peremptorily instructed to find appellant not guilty. For the reasons indicated the judgment is reversed and cause remanded for a new trial consistent with the opinion.