## Urban v. Commonwealth.

(Decided September 26, 1922.)

Appeal from Boyd Circuit Court.

Criminal Law—Commonwealth Attorney Testifying Upon Trial of One he is Prosecuting.—A Commonwealth's attorney should not be permitted, as was done in this case, to testify on the trial of a defendant he is prosecuting as to his investigations of offenses, including that for which defendant was on trial, and of his reasons for making an agreement with a witness against the defendant on the trial and upon whose testimony he was indicted, whereby he promised to and did obtain the release of the witness from jail upon the latter's going before the grand jury and testifying to the facts upon which the indictment against the defendant was found. As such evidence of the Commonwealth's attorney was irrelevant and otherwise incompetent and, also, necessarily prejudicial to the substantial rights of the defendant, the refusal of the court to sustain the latter's objection to the same and exclude it from the jury, must be regarded as reversible error.

R. S. DINKLE for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

The appellant was tried and convicted in the court below under an indictment charging a sale by him of whiskey to one Wm. Francis. The penalty imposed by the verdict of the jury and the judgment of the court was a fine of $300.00 and sixty days' imprisonment in jail. He was refused a new trial and by this appeal seeks a reversal of the judgment upon two grounds: Error of the trial court (1) in excluding competent evidence; (2) in admitting incompetent evidence.

Francis, the witness upon whose testimony the indictment was found, was the only witness testifying on the trial to a sale of whiskey by the appellant. He stated that the sale was made to him of a drink of whiskey by the appellant, for which he paid the latter fifty cents. Appellant denied the making of the sale in question. The issue thus sharply made between the witnesses was one of veracity as well as fact. Francis, however, admitted on his cross-examination that he was drinking when he bought the whiskey and that immediately before its purchase he had a fight or difficulty with some one at a nearby soft drink stand. He also admitted that when first called to testify before the grand jury which found the indictment against the appellant, he refused to answer any question regarding his purchase of liquor from the latter, and because of such refusal was incarcerated in jail by the court, but that two days thereafter, upon the agreement of the Commonwealth's attorney that he would cause to be set aside a judgment of the court convicting him, the witness, of a violation of the liquor law and continue the case against him until the next term, he did again go before the grand jury and testify regarding the sale of liquor for which the appellant was indicted in this case.

It was the exclusion by the court on his cross-examination of certain questions asked Francis respecting the above agreement with the Commonwealth's attorney and the answers it was avowed he would make to them, of which appellant complains; but we do not think the latter was prejudiced in any of his substantial rights by this ruling of the court, as on redirect examination of the witness he fully stated the agreement and his compliance with its terms.

We are of the opinion, however, that the court did err to the appellant's prejudice in admitting much of the testimony of the Commonwealth's attorney given, as claimed by him, in explanation of his reasons for making the agreement with Francis referred to, the competency of any part of which was doubtful. In making the explanation he did not stop with a mere statement as to the nature and terms of the agreement, but proceeded to tell of his investigations through the sheriff and otherwise to ascertain the person or persons of whom Francis and others had obtained whiskey and the difficulties encoun-

tered in ascertaining the guilty parties, the appellant being one of those suspected and indicted. Such evidence coming from such an officer of the law was well calculated to improperly influence the jury to believe that it gave support to the otherwise uncorroborated testimony of Francis, and, also, to inflame the prejudices of the jury against the appellant. We regard it incompetent and think it should have been excluded by the court, whose instruction to the effect that it could only be considered by the jury as bearing on the Commonwealth attorney's connection with the agreement had with the witness, did not remove its hurtful and prejudicial effect.

For the reasons indicated the judgment is reversed and cause remanded for a new trial consistent with the opinion.