## Stephens v. Commonwealth.

(Decided October 17, 1922.)

### Appeal from Boyd Circuit Court.

1. Criminal Law—Circumstantial Evidence.—While in a criminal prosecution the guilt of the accused may be established by circumstantial evidence alone, if it be sufficient to destroy every reasonable hypothesis of innocence, it is error for the trial court to give, as was done in this case, an instruction to the jury defining

the province of circumstantial evidence. Such evidence, like direct and positive evidence, should be left to the consideration of the jury without comment or suggestion from the court as to its value or effect, or the absence of either.

2. Criminal Law—Circumstantial Evidence—Directing Verdict.—Where, as in this case, the so-called circumstantial evidence relied on by the Commonwealth to establish the appellant's guilt, furnished neither fact nor circumstance that tended in the remotest degree to prove his guilt of the offense charged in the indictment, he was entitled to a directed verdict of acquittal. And the refusal of the trial court to grant his request for an instruction requiring such verdict, is reversible error.

J. F. STEWART for appellant.

CHAS I. DAWSON, Attorney General, and CHAS. W. LOGAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

Following his indictment for the offense of unlawfully having in his possession a still, designed for use in the unlawful manufacture of spirituous liquors, the appellant, Henderson Stephens, was tried in the court below, by verdict of a jury found guilty of the offense charged, and his punishment fixed at a fine of $500.00 and confinement in jail for a period of six months. He complains of the verdict and judgment entered thereon; also of the refusal of the circuit court to grant him a new trial, and has appealed.

He seeks a reversal of the judgment on the grounds that error was committed by the trial court: (1) In failing to properly instruct the jury as to the law of the case; (2) in overruling his motion for an instruction peremptorily directing his acquittal by the jury.

The appellant particularly complains of the second paragraph of instruction 1, given by the trial court to the jury evidently intended to be explanatory of the first paragraph thereof, which, being aptly expressed in the approved language generally employed in the first instruction of a criminal case, stood in no need of such explanation. The second paragraph reads as follows:

"The jury are further instructed that while it is necessary in order to convict the defendant in this case for the Commonwealth to prove by the evidence beyond a reasonable doubt that the defendant in Boyd county, and within the time indicated in this instruction, had in his possession, or under his control, and use, an illicit still, or

apparatus, designed for the making of spirituous liquor, that it is not essential to such conviction to prove that he owned the still or apparatus, or made any liquor by said still, or apparatus, and you may convict him of the offense by proof of facts and circumstances, or circumstantial evidence proven in evidence if you shall believe beyond a reasonable doubt he is guilty of the offense charged in the indictment.''

It is not claimed by the Commonwealth that the evidence upon which it relied for the conviction of the appellant was other than purely circumstantial; and while guilt may be established by circumstantial evidence, if it be sufficient to destroy every reasonable hypothesis of innocence, we have repeatedly held that the court should not give an instruction defining the nature of circumstantial evidence or its value in a given state of case even where there is evidence partly positive and partly circumstantial, but that it should be left to the jury to give it such weight as they may consider it entitled to. Smith v. Commonwealth, 140 Ky. 599; Stricklen v. Commonwealth, 7 R. 226; Brady v. Commonwealth, 11 Bush 285.

In Minniard v. Commonwealth, 158 Ky. 210, in discussing this question we, in part, said:

"It has, also, been held that circumstantial evidence, like direct or positive evidence, should be left to the consideration and determination of the jury, without caution or suggestion on the part of the court as to its value or the necessity of scrutinizing it closely.''

In each of the quite recent cases of Whitehead v. Commonwealth, 192 Ky. 428; Bullington v. Commonwealth, 193 Ky. 529, and Urban v. Commonwealth, 195 Ky. 704 (all appeals from the same court in which the judgment under review in the instant case was rendered), we strongly condemned an instruction containing substantially the same language found in the one we are here considering. In view of the character of the so-called circumstantial evidence relied on by the Commonwealth to establish the guilt of the appellant in this case, argument will not be necessary to demonstrate the prejudicial effect upon the appellant's substantial rights of the instruction complained of. There can be no escape from the conclusion that its effect upon the jury could alone have caused the return of a verdict wholly unsupported by proof. It appears from the testimony of the prohibition officer, his posse and, also, that of the appellant's witnesses, that the still, on account of which the appel-

lant was indicted, together with its equipment for man-
ufacturing whiskey, was found in the woods about 400
yards in the rear of a small tract of land owned by a
widow, Mrs. Henry Springer, who with her three sons
occupies the residence thereon.   The sons are about 10,
12 and 15 years of age, respectively.   The still was not
on the land of Mrs. Springer, but on that of another ad-
joining hers.   The appellant is the son-in-law of Mrs.
Springer, and until his removal to her home, only four
days before the still was discovered, he had resided in
other neighborhoods where he had worked for several
years as a miner of coal.   His removal to Mrs. Springer's
followed the closing of the Hi Carbon coal mines where
he had last worked.   According to the testimony of all the
Commonwealth's witnesses, the still appeared to have
been in active operation at least two months before its
discovery.   It also appeared from the evidence that dur-
ing that time, and down to within three or four days
after the closing of the mine there, the appellant was at
work at Hi Carbon, and there was no proof of his ever
having been seen at or near the place of the location of
the still, or of his having been engaged in the manufac-
ture of whiskey there or elsewhere, or in the bootlegging
of intoxicating liquors.

There was evidence that there was some sort of a
roadway leading from the rear of Mrs. Springer's prem-
ises and a public road crossing same, to or in the direc-
tion of the still and that there was a partial opening in
her post and wire fence separating her land from the ad-
joining land containing the still, and also some evidence
that persons leaving the still to reach the public road on
the Springer land, or the public road to go to the still
land, would have to travel the roadway first mentioned.

Manifestly there was no fact or circumstance shown
by any of the foregoing evidence that tended in the re-
motest degree to connect the appellant with the owner-
ship or operation of the still, consequently he was clearly
entitled to the directed verdict of acquittal as requested
of the trial court.

As said in the recent case of Johnson   v. Common-
wealth, 194 Ky. 568:

"All right thinking persons must concede the neces-
sity of enforcing the law  prohibiting  the  manufacture
and sale of intoxicating liquors, but such necessity cannot
justify the conviction of those charged with the violation
of such laws upon mere suspicion as was done in this

case. The guilt of the offender must be established by. evidence beyond a reasonable doubt, as in the case of other law violators. Guilt may be shown by circumstantial evidence sufficient to destroy every reasonable hypothesis of innocence, but it cannot be established upon mere suspicion or conjecture." Binnion, etc. v. Commonwealth, 195 Ky. 217; Saylor v. Commonwealth, 158 Ky. 768; Express Co. v. Commonwealth, 168 Ky. 480.

Because of the error of the trial court in giving the second paragraph of instruction 1, and its refusal, at the conclusion of the evidence, to peremptorily instruct the jury to return a verdict of acquittal, the judgment is .reversed for a new trial not inconsistent with the opinion.