# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

No. 318
JAKAB CO v. FLOWERS et al
Ohio Appeals, 8th Dist., Cuyahoga County
No. 5077. Decided Feb. 4, 1924
229. CHATTEL MORTGAGE—Mortgagee accepting mortgage on automobile not in possession of mortgagor, takes at his peril.
VICKERY, P. J.
Epitomized Opinion
Published Only in Ohio Law Abstract

James J. Flowers, as plaintiff, brought two actions in the Municipal Court of Cleveland, one action being taken against the Jakab Co. to recover possession of a certain automobile, the other action was against Lawrence L. Hosack based on certain promissory notes Hosack had given to Flowers. The two cases were tried together by consent of all parties. On March 13, 1922, Hosach sold to Jakab Co. an automobile for $2,089.50. The Jakab Co. took the car to a wagon company and ordered a body built for the car, later paying the wagon company $2,600 for building the body. Thereafter Hosack gave a chattel mortgage on this car to Flowers to secure notes for $1,500. In Municipal Court, Flowers obtained judgment in both actions. Both defendants brought error proceedings. Held:

At the time the Jakab Co. bought the car there was nothing on record against it. The Jakab Co. was an innocent purchaser and their interest in and title to this property was prior to the mortgage given to Flowers. At the time the mortgage was given Hosak did not have possession of the car and the mortgagee took it at his peril. Judgment against the Jakab Co. reversed and remanded.

As to the case against Hosak it was a question of the weight of the testimony in the court below. Hosack's conduct in mortgaging the car renders his testimony suspicious. The judgment against Hosack will be affirmed.
Attorneys—Quigley & Byrnes, for the Jakab Co.; Smart, Ford, Taylor & Hasselman, for Flowers, all of Cleveland.

No. 319
LORAIN (City) v. JAMESON
Ohio Appeals, 9th Dist., Lorain County
No. 284. Decided Feb. 14, 1924
333. CRIMINAL LAW—Proof beyond reasonable doubt required to affirm conviction in criminal prosecutions, preponderance not sufficient.
PER CURIAM (Funk, Pardee and Washburn).
Epitomized Opinion
Published Only in Ohio Law Abstract

Jameson was convicted in Lorain Municipal Court of the illegal possession of intoxicating liquor. The Common Pleas Court reversed the judgment as being against the weight of the evidence. The evidence disclosed that Jameson was an industrious, hard-working, temperate man and lived in a part of a house, the other part being occupied by one Skinner, but they used the bathroom in common. In an opening in the bathroom floor, two small bottles containing liquor were found. Both occupants denied any knowledge of the liquor. Confirming the judgment of the Common Pleas Court, the Court of Appeals held:

1 "It is settled, especially in civil cases, that a judgment should not be reversed unless it is manifestly contrary to the evidence. There is some difference between the operation of the rule in civil and criminal cases. In the former a bare preponderance of the evidence is sufficient to authorize a verdict, but in a criminal case the evidence must establish guilt beyond a reasonable doubt. In determining whether a judgment in a criminal case is manifestly against the weight of evidence, the reviewing court should take into consideration the degree of proof in criminal cases."
Attorneys—W. Grills and W. M. Friedman, Lorain, for City; L. D. Hamlin and A. Nieding, Elyria, for Jameson.