### ONA HUCKELBY v. STATE.

No. A-4522.   Opinion Filed June 25, 1924.
(226 Pac. 1068.)

(Syllabus.)

**Intoxicating Liquors—Evidence not Sustaining Conviction for Unlawful Possession.** In a prosecution for unlawful possession of intoxicating liquor, the evidence considered, and held insufficient to sustain conviction.

Appeal from County Court, Carter County; M. F. Winfrey, Judge.

Ona Huckelby was convicted of a violation of the prohibitory liquor law, and he appeals. Reversed.

James H. Mathers, for plaintiff in error.

The Attorney General and N. W. Gore, Asst. Atty. Gen., for the State.

DOYLE, J. The information in this case charges that Ona Huckelby did have in his possession 16 gallons of choc beer with the unlawful intention of selling the same. Upon his trial he was found guilty, and his punishment fixed at confinement in the county jail for 30 days and a fine of $50. From the judgment rendered on the verdict, he appeals.

The errors assigned are based on rulings of the court in the admission and exclusion of evidence, requested instructions refused, and the sufficiency of the evidence taken as a whole to sustain the verdict.

Bob Short, deputy sheriff, testified:

"We went to Mr. Huckelby's house, south of Rexroat. He was away from home. About 40 yards due east we found a keg of choc beer under a tree. There was a lot of brush, then a circle where there was no brush. It was about half a mile from the oil derricks. I went back there three or four times, but did not find him. He came in one day and said that he heard that I had a warrant for him. Rass Coombs was with me when I found it. I tasted it and would call it choc beer; it was pretty sweet. I guess, if a man would drink enough of it, it would make him drunk."

Rass Coombs testified:

"It looked like the keg might have been there a couple days. The beer was just making; I do not know how much of alcohol it contained. It had just began to ferment."

When the state rested, the defendant demurred to the testimony on the ground that it was insufficient to warrant a conviction, and asked the court to advise the jury to return a verdict of acquittal. Which motion was overruled and request denied.

The testimony of the defendant in his own behalf is as follows:

"I live four miles northeast of Wilson, and work on the farm and in the oil fields. I did not own or have anything to do with the keg found by the officers between my house and the bathing pool, which is within a quarter of a mile of my house. From 1 to 15 cars pass by every day and night with people going there to swim. I had no interest in this stuff, whatever it was, and had nothing to do with it. I did not know that it was there until a day or two after the officers found it. I have never before been arrested. I heard Mr. Short had a warrant for me and I came in; he told me what it was, and I made bond."

The insufficiency of the evidence to support the verdict, finding the defendant guilty of having in his possession intoxicating liquor, is apparent. There is no evidence tending to prove possession by the defendant of the keg and its contents, and the evidence is wholly insufficient to show that the contents of the keg in question was intoxicating liquor or a liquid containing more than one-half of 1 per cent. of alcohol, measured by volume.

Because there was no competent evidence tending to show that the offense charged had been committed, the judgment of the lower court is reversed.

MATSON, P. J., and BESSEY, J., concur.