## Ball v. Commonwealth.

(Decided February 6, 1925.)

### Appeal from Bell Circuit Court.

1. .Intoxicating Liquors—Evidence Held Insufficient for Submission of Case to Jury in Prosecution for Possession.—In prosecution for unlawful possession of liquor, evidence held insufficient for submission of case to jury.

2. Intoxicating Liquors—Particular Circumstances Held Insufficient to Warrant Inference of Guilt of Unlawful Possession.—Finding of truck containing whiskey, with unlawful possession of which defendant was charged, in driveway in rear of and near his home, over which driveway he had no control other than its use in common with other tenants of his lessor and public generally, did not warrant inference of guilt.

3. Criminal Law—Guilt May be Established by Circumstantial Evidence Alone.—Guilt may be established by circumstantial evidence alone, if sufficient to destroy every reasonable hypothesis of innocence.

4. Criminal Law—Defendant Entitled to Directed Verdict, if there is no Circumstance Tending in Remotest Degree to Prove Guilt.—Where circumstantial evidence relied on by Commonwealth furnished neither fact nor circumstance that tended in the remotest degree to prove defendant's guilt, he is entitled to directed verdict of acquittal.

W. J. STONE for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE— Reversing.

This is an appeal from a judgment of the Bell circuit court based on the verdict of a jury finding the ap-

pellant, Tim Ball, guilty of the unlawful possession of intoxicating liquor and fixing his punishment at a fine of $300.00 and imprisonment of sixty days in jail, the offense being one for which he was duly indicted.

While a number of additional grounds were urged by the appellant on his motion for a new trial, made in and overruled by the circuit court, that mainly relied on by him in this court for the reversal asked of the judgment of conviction is, error alleged to have been committed by that court in overruling his motion for a directed verdict of acquittal, made at the close of the Commonwealth's evidence and again at the conclusion of all the evidence.

Obviously, the motion for a directed verdict was based on the contention that there was a total absence of evidence conducing to prove the appellant's guilt of the offense charged; and this contention, if sustained by us, would necessarily result in a reversal of the judgment. As the correctness or incorrectness of the trial court's ruling in question must be determined from the facts and circumstances furnished by the evidence contained in the record, due consideration of that evidence will be necessary.

The evidence in behalf of the Commonwealth was substantially to the effect that about 7 p. m. Thanksgiving day, 1924, one D. C. Selser, claiming to be a deputy constable and to have in his possession a search warrant, accompanied by Jesse Hatton, A. D. DeBusk and Bill White, went to the home of the appellant, Tim Ball, in Middlesboro, Bell county, and upon their arrival there found parked in the driveway in the rear of the dwelling house and about ten feet therefrom, an automobile truck loaded with 45 half-gallon glass jars, each filled with moonshine whiskey and all so covered with a tarpaulin that they could not be and were not seen until the tarpaulin was lifted by one of the searching party. But neither the truck nor the whiskey was identified as the property of the appellant by any witness for the Commonwealth; nor did any of them testify that the truck was ever seen in his possession or control. The driveway in which the truck was standing led from the street to a barn on the rear of the lot occupied by the appellant; and though the lot occupied by the latter was fenced from the street and there was a gateway at the intersection of the driveway with the street, at the time of the

discovery of the contents of the truck there was no gate at that point or, if there was a gate, it was unclosed. It appears from the evidence, however, that the driveway was frequently used by owners and drivers of automobiles for parking or turning their machines.

According to further evidence of the Commonwealth the persons above named, before their discovery of the whiskey in the truck, made a search of appellant's dwelling house and outbuildings for intoxicating liquors, but failed to find therein any such liquors or evidence of his possession thereof. He arrived at home while the search was in progress and then denied that he owned or was in the possession of any intoxicating liquor. When the discovery was later made of the truck and whiskey in the driveway he also denied ownership of both and claimed to have no knowledge of their presence in the driveway. There was no attempt upon the part of any witness for the Commonwealth to identify appellant as the owner of the whiskey or truck, or to declare his previous possession or knowledge of either. Nor was there any attempt by the Commonwealth to prove that the appellant's reputation was that of a "bootlegger" or handler of intoxicating liquors.

The appellant upon being introduced as a witness in his own behalf, testified that he lived near the place where the truck and whiskey were found in a house rented by him of the owner, W. A. Gastineau; that he did not own the truck or whiskey or know the owner thereof, nor did he put them where they were found, know who put them there, or ever see either the truck or whiskey; that he did not rent the barn, or at any time use or control it, nor did he have any control of the driveway which, because of a rough place in the street beyond its intersection therewith, was much used by persons for turning their automobiles and other vehicles; and that at the time in question there was no gate where the driveway left the street.

W. A. Gastineau, introduced as a witness for the appellant, testified that he rented to the appellant the house in which he lived at the time the truck and whiskey were discovered in the driveway leading to the barn, but that he did not rent to him the barn, which was then and when the truck and whiskey were discovered, rented to a Mr. Ralston; and that as his (Gastineau's) tenant the appellant had no control of the barn, or any other part of the

property upon which he resided, except the house in which he lived. The witness further testified that he did not know to whom the truck or whiskey found in the driveway belonged.

Other evidence besides that above referred to was introduced by the Commonwealth, which related wholly to the alleged appointment of the witness, D. C. Selser, as a deputy constable and the loss and contents of the search warrant under which he claimed the authority to act at the time of discovering the truck and whiskey in question. But as for the reasons hereinafter stated, consideration of this evidence will be unnecessary, a fuller statement of it is omitted.

In brief, it is our conclusion, arrived at from a careful consideration of all the evidence of the Commonwealth bearing on the question of the appellant's alleged guilt, that it was insufficient to require the submission of the case to the jury. At most it creates but a mere suspicion of the appellant's guilt, and that suspicion rests upon a single circumstance, arising alone from the finding of the truck containing the whiskey, with the unlawful possession of which he is charged in the indictment, in a driveway in the rear of and near his home, over which driveway, according to the Commonwealth's evidence, he had no control other than its use in common with other tenants of his landlord and the public generally. Manifestly, in the absence of evidence conducing to prove his ownership, previous possession, or control of the truck or its contents, this single circumstance was insufficient to authorize even an inference of the appellant's guilt. Indeed, the evidence in behalf of the Commonwealth failed to show that he had any knowledge of the presence of the truck or whiskey in the driveway before their discovery by those directing the search of his premises. Clearly the failure of the evidence of the Commonwealth to prove the appellant's guilt entitled him to the peremptory instruction requested of the court; and this must be taken as true without regard to the force and strength of the evidence introduced by him to establish his innocence.

While in a criminal prosecution the guilt of the accused may be established by circumstantial evidence alone, if it be sufficient to destroy every reasonable hypothesis of innocence, where, as in this case, the so-called circumstantial evidence relied on by the Commonwealth to establish the defendant's guilt, furnished neither fact

nor circumstance that tended in the remotest degree to prove his guilt of the offense charged in the indictment, he is entitled to a directed verdict of acquittal. Stephens v. Commonwealth, 196 Ky. 86; Whitehead v. Commonwealth, 192 Ky. 428; Bullington v. Commonwealth, 193 Ky. 529; Urban v. Commonwealth, 195 Ky. 704.

In view of what has been said it is unnecessary for us to pass upon the competency of the evidence relied on by the Commonwealth to explain the loss and contents of the search warrant under which the truck and whiskey were discovered and seized in this case, or to pass upon the question as to whether Selser, who was in charge of the writ, possessed the authority as an officer to execute the warrant.

For the reasons indicated the judgment is reversed and cause remanded for a new trial as authorized by the opinion.