## West v. Commonwealth.

(Decided March 27, 1925.)

### Appeal from Bullitt Circuit Court.

1. Intoxicating Liquors—Evidence Held to Make Question of Defendant's Guilt for Jury.—In liquor prosecution, evidence held to make defendant's guilt a question for jury.

2. Intoxicating Liquors—Conviction of Defendant for Unlawful Possession Held Not Flagrantly Against Evidence.—Conviction of defendant for unlawful possession of whiskey held not flagrantly against the evidence.

C. P. BRADBURY and H. H. GLENN for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Affirming.

Appellant, Sam West, found guilty by a jury of the Bullitt circuit court and adjudged to pay a fine of $250.00 and serve 40 days in jail for unlawfully possessing moonshine whiskey, prosecutes this appeal from that judg-

ment.  The grounds urged in his behalf for a reversal of the judgment are that the trial court should have peremptorily instructed the jury to find him not guilty at the close of the testimony, upon the theory that there was no evidence introduced tending to establish that he was guilty of the crime charged, and the verdict of the jury is flagrantly against the evidence.

It appears that W. F. Monroe, a deputy sheriff of Bullitt county, Kentucky, and a *posse* went upon a farm owned by the heirs of William Greenwell, which had been rented to appellant West.  Under a search warrant they searched the residence and outbuildings but found nothing.  When they reached the premises West and a brother-in-law were at work repairing an automobile near the residence.  After searching the residence the peace officers followed the road leading from the residence to a public highway which traversed the farm, and crossing it followed a path leading from the highway to a ravine on the farm.  Their attention had been attracted by a peculiar roaring noise that they heard.  In the ravine they found a distilling outfit in operation, the still being loaded with the ingredients from which whiskey is distilled.  They found that the roaring noise was caused by a gasoline burner being used to fire the still.  It had evidently been in operation only a short while, as the contents of the still had not become hot enough to vaporize and begin to run off.  Near the still there were found two gallons of mooshine whiskey and an automobile pump that had been used in connection with the gasoline burner with which the still was fired.  The path followed by the officers extended no further than the still and bore evidence of recent travel between it and the house on the farm near which appellant was found.  No one was found about the still or nearer to it than appellant West and it was located approximately 200 yards from the house where he was found.  He was arrested by the officers, and on the way to the county seat asked them "how was the best way to get out of it."  He further said:

"The reason they turned me up was that Fred Greenwell, West Shepherd and West Shepherd's boy wanted to move back out there and put up a still themselves."

Appellant for himself denied that he knew that the still or whiskey was on the farm and that he had any interest in or connection with it.  He introduced a witness

who undertook to assume full responsibility for the presence of the still, its ownership and operation, and the ownership and possession of the whiskey found. However, that witness on the stand told a story so weird and strange and unnatural that it is easily understood why the jury gave it no credence. It has made no more impression on this court than it did on the jury that heard it. Unquestionably there was sufficient evidence of appellant's guilt to take the case to the jury, and we are unable to say from a consideration of all the evidence heard upon the trial that the verdict of the jury is flagrantly against the evidence.

Judgment affirmed.