GLOWASKI v. THE STATE OF OHIO.

HARRIS v. THE STATE OF OHIO.

GEORGE v. THE STATE OF OHIO.

*Intoxicating liquors—Unlawful possession—Knowledge of possession necessary to conviction—Proof to establish knowledge—Liquors buried upon defendant's premises.*

1. One is not guilty of the crime of having possession of intoxicating liquor unless he *knowingly* has possession.
2. Knowledge of possession need not be proved by direct testimony, but may be established by circumstantial evidence.
3. Where intoxicating liquor is found buried upon the premises of a defendant, and he upon oath denies responsibility for or knowledge of the same, to warrant a finding based upon circumstantial evidence that he knowingly had possession of the liquor the circumstances must be such as make it reasonably certain that he must have known of the presence of liquor upon his premises.

(Decided October 10, 1925.)

ERROR: Court of Appeals for Lorain county.

*Mr. D. H. Aiken* and *Mr. Thos. E. O'Hern,* for plaintiff in error Glowaski.

*Mr. Lawrence H. Job,* for plaintiff in error Harris.

*Mr. F. M. Stevens,* for plaintiff in error George.

*Mr. D. A. Baird,* prosecuting attorney, *Mr. R. F. Vandemark,* assistant prosecuting attorney, and *Mr. D. W. Myers,* city solicitor, for defendant in error.

---

[1] Intoxicating Liquors, 33 C. J. § 198; [2] Id., § 534; [3] Id., § 505.

WASHBURN, J. By the laws of Ohio it is made an offense to possess intoxicating liquor except in certain places and under certain circumstances. It is settled that upon the trial of one charged with possession, proof that he had possession of the liquor is sufficient, unless he offers proof showing that circumstances were such as permitted him to have possession thereof under the law.

In the Joe George case the defendant was convicted of illegal transportation of intoxicating liquor; in the Harris case and in the Glowaski case the defendants were found guilty of illegal possession of liquor. In all of these cases the guilt or innocence of each defendant depends upon whether or not he had possession of intoxicating liquor.

Under the Ohio law it is not a question of presumption, or whether or not a presumption has been overcome, but is a question of fact: Did the defendant have possession of the liquor? If he did, he is guilty, unless he explains that possession so as to justify it under the law; and if he was not in the possession of the liquor, he is not guilty. These cases present nothing but questions of fact, pure and simple.

In the Harris case the liquor was found buried in a chicken coop on the premises occupied by him, which place was open and accessible to his two boarders and his neighbors. So far as the state's case is concerned, that is all of the evidence tending to prove that the defendant had possession of the liquor. One might find from such evidence that the defendant did have possession of the liquor, if the defendant failed to offer any evidence denying that the liquor was his, or explaining how

it came to be upon his premises, *State* v. *Johnson,* 39 Idaho, 440, 227 Pac., 1052, or if the acts and conduct of the defendant at and before the time in question indicated a guilty knowledge in reference to the liquor, or if there was proper evidence tending to prove that he was, to some extent at least, engaged in the business of bootlegging; but where there is no evidence tending to prove that the defendant had possession of the liquor, save and except the fact that liquor was found buried on his premises, and there is evidence of defendant's good character, and nothing in his evidence indicates that he is an untruthful man, and he swears that he did not have the liquor in his possession and did not know that it was there and does not know how it came to be there, and the evidence shows that his boarders had access to the place where the liquor was found and might have put it there, such positive testimony and circumstances overcome the inference that might otherwise be drawn from the presence of liquor upon his property, and the trial court should find under such circumstances that he has not been proven guilty beyond a reasonable doubt.

We had one such case before us, that of the *City of Lorain* v. *Jameson, post,* 528, in which the trial court found the defendant guilty and the Common Pleas Court reversed that finding, and we approved of such reversal.

The courts of Oregon have held that the possession contemplated by the law is a conscious possession, that the defendant must have *knowingly* had possession (*State* v. *Cox,* 91 Ore., 518, 179 Pac., 575), but that conscious possession need not be

established by direct testimony, but may be established by circumstantial evidence. *State* v. *Harris*, 106 Ore., 211, 211 Pac., 944.

However, when liquor is found upon the premises of the defendant, and he denies knowledge of the same, to warrant a finding based upon circumstantial evidence that he did have knowledge the circumstances must be such as make it reasonably certain that he must have had knowledge of the presence of the liquor on his premises. *State* v. *Buoy*, 113 Ore., 217, 232 Pac., 623.

It seems superfluous to say that the rules of evidence in prosecutions for the violation of the laws enacted for the suppression of the evils of intemperance are the same as in other criminal prosecutions; the defendant is not to be deprived of life, liberty or property except by due process of law; and the established rule is that in order to overcome the presumption of innocence, which attends all persons upon trial charged with a criminal offense, the evidence must be sufficiently strong to show beyond a reasonable doubt that the defendant is guilty.

We are not unmindful of the limitations that are placed upon this court in reference to questions of fact. We know the rule, especially in civil cases, is that a judgment should not be reversed upon the weight of the evidence unless the reviewing court finds that the judgment is manifestly contrary to the evidence; but there is a difference between the practical operation of the rule in civil and criminal cases. In civil cases a bare preponderance of the evidence is sufficient to authorize a verdict, but in a criminal case the verdict of guilty is authorized

only when the evidence establishes the guilt of the accused beyond a reasonable doubt; and in determining whether or not a judgment in a criminal case is manifestly against the weight of the evidence the reviewing court should take into consideration the degree of proof required in criminal cases.

In this case we find no evidence tending to prove that the defendant had possession of the liquor, except the mere fact that it was found upon his premises, and the evidence of the state's witnesses was to the effect that the defendant was an honest, truthful man, with a good reputation. And there is nothing in his testimony indicating anything to the contrary. A careful consideration of the record in this case leads us to the conclusion that the finding of the trial court that the defendant had possession of this liquor is manifestly against the weight of the evidence. All right thinking persons must concede the necessity of enforcing the laws in reference to intoxicating liquors, but such necessity does not warrant the disregarding of the rights of the accused under the Constitution and laws of the land, and cannot justify conviction of those charged with the violation of prohibition laws upon an uncorroborated inference when there is credible and positive evidence contradicting such inference. *Huckelby* v. *State,* (Okl.), 226 Pac., 1068.

In the Peter Glowaski case there was evidence other than the mere finding of liquor on his premises, and the record discloses that defendant had previously been found guilty of the same offense. In explaining the presence of liquor upon his prem-

ises he put two young boys upon the stand, who were scarcely old enough to understand the nature of an oath, and whose evidence no one could be expected to believe. The evidence of the two boys differs widely and they contradict themselves many times, and are also contradicted by the testimony of reputable officers, and the circumstances are such that it is perfectly plain that they were not telling the truth; and, moreover, the testimony of the defendant is not at all convincing, and the facts and circumstances of the transaction were such as to justify the trial court in finding defendant guilty beyond a reasonable doubt—at least, such a finding is not manifestly against the weight of the evidence. *West* v. *Commonwealth,* 208 Ky., 182, 270 S. W., 773.

In the Joe George case, wherein the defendant was charged with transporting liquor, the only evidence that he ever had possession of the liquor is that the liquor was found behind the house of a relative of his and that his car backed out from the driveway leading around behind the house just before the liquor was found. There is no competent evidence that he had been engaged in the bootlegging business. There is evidence that the police were suspicious of him, but the grounds of such suspicion are not shown. The evidence that the police were suspicious of him was clearly incompetent and was objected to at the time it was offered; so that the only real evidence of his guilt was the inference to be drawn from the fact that his automobile backed out of the driveway at that time and under such circumstances, and we find that in view of his own testimony and all of the

evidence the trial court was not justified in finding that he had been proven guilty beyond a reasonable doubt. *Ball* v. *Commonwealth*, 207 Ky., 189, 268 S. W., 1085.

In the Harris case an entry may be made reversing the judgment of the Common Pleas Court because manifestly against the weight of the evidence; in the Joe George case, the judgments of the Mayor's Court and Common Pleas Court are reversed, the same being manifestly against the weight of the evidence. In the Glowaski case the judgment of the Common Pleas Court is affirmed. The George case is remanded to the Mayor's Court of the City of Elyria, and the other cases are remanded to the Court of Common Pleas, for further proceedings according to law.

*Judgments accordingly.*

PARDEE, P. J., and FUNK, J., concur.