## KAZAKA v STATE

Ohio Appeals, 9th Dist, Lorain Co

No. 512. Decided November 23, 1929

Messrs. Harold J. Peshek and Irwin B. Fried, Canton, for Kazaka.

Messrs. D. W. Myers, Elyria, and J. M. Harding, Lorain, for State.

WASHBURN, J.

There was one other item of evidence which was clearly incompetent, but to which no objection was made—to the effect that the search was made because the officers had received complaints of liquor being sold on the Kazaka premises; the right to search the premises was in no way involved in the case, and such evidence was rank hearsay and so indefinite and general as to be valueless, and we cannot conceive of the same being considered by the trial judge, even though no objection was made to it.

Even if the intoxicating liquor had been found upon Kazaka's premises, the evidence in this case would not have warranted a finding that he was guilty. In such a case we have stated the law to be that—

"3. Where intoxicating liquor is found buried upon the premises of a defendant, and he upon oath denies responsibility for or knowledge of the same, to warrant a finding based upon circumstantial evidence that he knowingly had possession of the liquor the circumstances must be such as make it reasonably certain that he must have known of the presence of liquor upon his premises."

**Glowaski v. State, 20 O. App. 112.**

And in the opinion it was observed that:

"In the Harris case the liquor was found buried in a chicken coop on the premises occupied by him, which place was open and accessible to his two boarders and his neighbors. So far as the state's case is concerned, that is all of the evidence tending to prove that the defendant had possession of the liquor. One might find from such evidence that the defendant did have possession of the liquor, if the defendant failed to offer any evidence denying that the liquor was his, or explaining how it came to be upon his premises, State v. Johnson, 39 Idaho, 44, 227 Pac., 1052, or if the acts and conduct of the defendant at and before the time in question indicated a guilty knowledge in reference to the liquor, or if there was proper evidence tending to prove that he was, to some extent at least, engaged in the business of bootlegging ***."

In the case at bar, if it be conceded that the liquor found on the adjoining premises might, under all the circumstances in this case, be considered the same as if it had been found upon Kazaka's premises, which is the most favorable claim that the state can possibly make, still the evidence in the case, under the rules laid down in Glowaski v. State, supra, is not sufficient to prove the guilt of Kazaka beyond a reasonable doubt; and we reaffirm the principles and rules announced in that case.

The judgment of the Common Pleas Court is reversed, and as that court should

42

have granted the motion to discharge Kazaka which was made at the close of all the evidence, such judgment may be entered in this court.

Funk, PJ., and Pardee, J., concur.