## STATE v. DONOVAN.

1. **Criminal Practice**: ERRONEOUS REMARK OF JUDGE. On a criminal trial, where evidence of the defendant's drunkenness was offered as a defense, it was error for the court in the presence of the jury to remark, without further explanation: "If you offer it as a defense, I think it immaterial, because I shall tell the jury that drunkenness is more of an aggravation than a defense."

2. ——: INSTRUCTION AS TO EVIDENCE. Where evidence of drunkenness was introduced as a defense, it was prejudicial error for the court to instruct the jury that there was *some* evidence tending to show that defendant was drunk. The word "some" would indicate to the jury the court's opinion as to the weight of such evidence.

3. **Criminal Law**: DRUNKENNESS AS A DEFENSE. Where drunkenness was set up as a defense to a criminal charge, the jury should have been told plainly that if they found from the evidence that defendant was so drunk that he was incapable of forming an intent to commit the crime, they should find him not guilty. The instruction given (see opinion) was erroneous, because it sent the jury into the field of speculation.

4. ——: INTENT TO RAVISH: INFERENCE FROM CHASING PROSECUTRIX. The fact of a man's chasing a woman, who is alone, in a private place, does not necessarily raise an inference that some personal injury is intended, but such fact may be considered, with other circumstances, in order to ascertain the intent.

*Appeal from Hardin District Court.*

THURSDAY, JUNE 14.

DEFENDANT was convicted of an assault with intent to commit a rape, and sentenced to five years imprisonment in the penitentiary; he now appeals to this court.

*J. H. Scales* and *J. S. Roberts*, for appellant.

*Smith McPherson, Attorney-general*, for the State.

BECK, J.—I. The evidence clearly shows the assault committed by the defendant upon the prosecutrix. But there

1. CRIMINAL practice: erroneous remark of judge.

was evidence tending to show that defendant was drunk at the time. During the trial, upon an offer of evidence tending to show defendant's condition, the court remarked, in the presence of the jury, refer-

ring to the evidence: "If you offer it as a defense, I think it immaterial, because I shall tell (instruct) the jury that drunkenness is more of an aggravation than an excuse." No explanation of this remark was made to the jury. We think it ought not to have been made, and was prejudicial to defendant. The error was not cured by an instruction given to the jury, which we will now consider.

II. In the seventh instruction, the court declares that "there is some evidence tending to show that defendant was

2. ——: instruction as to evidence. drunk." This language, we are constrained to believe, would be understood as expressing the opinion of the court as to the quantity and weight of the evidence on the question of defendant's drunkenness, which was unfavorable to him. Indeed, the expression will hardly bear any other interpretation. Without the qualifying word "some," the expression would have been free from objection.

III. In the same instruction, the court directs the jury that drunkenness is no excuse for the perpetration of a crime.

3. CRIMINAL law: drunkenness as a defense. But the jury are informed that the drunkenness of defendant may be considered in order to determine his intent. The following language is used in expressing this direction: "Whether defendant, at the time of the assault, was too drunk to be capable of exercising his will and forming in his mind a purpose to ravish the girl, in short, to distinguish between right and wrong, is a question of fact for you to determine from all the facts and circumstances described by the evidence." The instruction then calls the attention of the jury to certain facts and circumstances to be considered by them, and directs the jury that if defendant "was in too imbecile a condition to form a design or purpose to ravish the girl," they could not find him guilty.

We think the jury were unnecessarily sent into the uncertain field of inquiry relating to the capacity of defendant to exercise his will and "to distinguish between right and wrong," and that the jury may have been tempted into the region of speculation, rather than directed to conclusions to

be drawn from the facts, by the aid of common sense and the observations of every day life. The jury should have been plainly told that if they found from the evidence that defendant was so drunk that he was incapable of forming an intent to ravish the prosecutrix, they should find him not guilty.

IV. In the sixth instruction, the court directs the jury in the following language: "If a man chase a woman, who is

**4. ——: intent to ravish: inference from chasing prosecutrix.** alone, in a private place, an inference arises that he designs some personal injury, and the design must appear, if at all, from the other facts and circumstances shown, and what injury is designed. If the woman were his wife, no inference would arise of intent to commit rape; if a daughter, sister, or mother, the inference would be very slight, if a stranger, the presumption would be stronger, but not conclusive."

The meaning of this instruction is that the law raises an inference of defendant's intent to ravish the prosecutrix from his act in chasing her. From the act, and other facts in the case, the jury may have found such an intent; but the law raises no presumption of such an intent wholly from the defendant's act in pursuing the prosecutrix. It surely does not follow as a legal presumption that any specific offense is intended by the simple act of a man chasing a woman; it may be done without the intention to injure her. But the act, with other circumstances, may be considered in order to find the intent.

V. It is proper to observe that, in our opinion, the instructions are not clearly expressed. The sentences, in more than one instance, are prolix and involved and, we fear, may not have been understood by the jury. For the error in the instruction we have pointed out, the judgment of the district court must be reversed, and the cause remanded for a new trial.

REVERSED.