H. M. MORGAN, Appellant, v. CHARLES KOESTNER,
Appellee.

1. **Intoxicating Liquors:** NUISANCE: LESSOR'S LIABILITY.   Where
property was leased for a lawful purpose, and the lessee used the
same for the illegal sale of intoxicating liquors without the knowledge
of the lessor, who, after the issuance of a temporary injunction against
him because of said nuisance, notified the lessee to quit the premises,
and afterwards, in good faith, prosecuted an action of forcible entry
and detainer for the possession of the property, but was denied the
relief sought, *held,* that upon the final hearing of the injunction pro-
ceedings the temporary injunction against the lessor was properly
dissolved, and the action dismissed as to him, but that the nuisance
should, nevertheless, have been abated by order of the court.

2. ———: ———: ———: COSTS.   The owner of real estate is not
liable for the costs of an action for the abatement of a saloon nuisance
maintained upon his premises without his knowledge or consent.

*Appeal from Des Moines District Court.*—HON. CHARLES
H. PHELPS, Judge.

MONDAY, JUNE 1, 1891.

ACTION to abate a saloon nuisance.   John Linder
and Henry Hirt were made codefendants with Koestner.
Koestner was and is the owner of the land on which
the saloon was maintained.   He leased it to Louis
Bannier for five years, with authority to erect a building
thereon for "confectionery purposes."   Upon a pre-
liminary hearing in this suit, a temporary injunction
was granted against Koestner, and thereafter he notified
Bannier to quit the premises, and remove his building,
and, upon his neglect or refusal, Koestner instituted a
proceeding for the forcible entry and detention of real
property against Bannier, who resisted, and a judgment
was entered in his favor before the justice, and also on
appeal to the district court, as we understand, on the
ground that Bannier was not a party to the suit, and in

no manner bound by its proceeding. These facts were pleaded by Koestner on the final hearing in this suit, and by the proofs it was found that John Linder was maintaining the nuisance; that Koestner is the owner in reversion of the real estate. The temporary injunction was dissolved as to Koestner, and the action dismissed as to him and Henry Hirt. A decree was entered against John Linder. From the judgment as to Koestner the plaintiff appeals.—*Affirmed.*

*Newman & Blake,* for appellant.

*P. Henry Smyth,* for appellee.

GRANGER, J.—I. It is for us to determine the legal effect of the facts pleaded and proved by the defendant Koestner. These facts are, as we understand, that he leased the lot to Bannier for five years, with the right to Bannier to construct a building thereon for confectionery purposes; that the building was erected, and the defendant Linder conducted a saloon therein; that Koestner did not know the purpose to which the building was put; that, after the granting of the temporary injunction, Koestner notified Bannier to quit the premises and remove the building, which was not done; that Koestner then prosecuted his suit for the forcible entry and detention of real property, under the law in such cases, to terminate his lease; and that in the trial of such suit, both original and on appeal, he was defeated. The facts thus far are without dispute. It is, however, questioned in argument that Koestner, in leasing the lot and in his efforts to prevent its use as a saloon, acted in good faith. We see nothing in the record to justify us in finding that, when the lot was leased to Bannier, Koestner intended or knew that it would be used for saloon purposes, or that he knew it was being so used before this suit was commenced.

1. INTOXICATING liquors: nuisance: lessor's liability.

After obtaining the knowledge, he seemed powerless to prevent such use. He resorted to the courts for a judgment that would terminate his lease, and give him control of the lot, but the judgment was refused and the query forces itself upon our minds, if he could not prevent such use, will the law, by injunction, command him to, and punish him if he does not? We need not express the answer.

The original notice in this case was served July 8, 1889, and gave notice that the petition would be filed on or before the twenty-ninth of August, 1889. The answer was filed September 16, 1889, and on the twentieth of November, after, notice was given of an application for a temporary writ of injunction, which was issued on the fifth of December, 1889. It was after the issuance of the writ that Koestner commenced his suit to revoke the lease and obtain possession of his property, and this fact is urged as showing bad faith and unnecessary delay. But the facts upon which the adjudication was against Koestner were the same during all the time, and we must assume that with like facts a like judgment would have been entered. It thus appears that during all the time after he had knowledge of the use of the lot he was without the means to prevent it. The effect of the delay complained of was not to continue or encourage the nuisance. Under such a state of facts, it is clear to us that Koestner should not be made liable for the penalties of an injunction against the continuance of the nuisance by another.

The lot and building were by the district court found to be a place where intoxicating liquors were kept and sold contrary to law, and hence it was a nuisance, and should, by the judgment of the court, have been abated, notwithstanding who may have been the owners. Code, sec. 1543. The court found that John Linder was the person occupying the premises and maintaining the nuisance. It enjoined him from further maintain-

ing the nuisance, but did not decree its abatement, as the law provides. Acts, 20th Gen. Assem., ch. 143, sec. 5; *McClure v. Braniff*, 75 Iowa, 38. The law makes pro-vision for the owner, in such case, to release his prop-erty from the effect of such a decree. A decree abating the nuisance will be entered in this court.

II. The remaining question is as to the liability of Koestner for the costs; that is, should the costs have been decreed a lien upon the lot? The owner who does not maintain the nuisance is thus made liable when the premises are so used, with his knowledge or that of his agent. Code, sec. 1558. It does not appear in this case that Koestner had such knowledge. The facts upon which the appellant relies, as those from which we should presume or find the fact of knowledge, are insufficient. It is a fact that the opposition to the enforcement of the law against the sale of intoxicating liquor has led to many ingenious methods of evasion, and the courts should be alert and cunning to see the truth within the lines of correct information, and, when seen, unhesi-tatingly apply it. On the other hand, they should so guard their judgments that they be the result of facts found from evidence, rather than unwarranted pre-sumptions. It is presumed that the owner and lessee of the building was, at the commencement of the suit, unknown to the prosecution, as he was not the occu-pant. Had he been made a party, much of the diffi-culty in the way of the judgment sought would have been avoided.

2. ——: ——: ——: costs.

With the modification indicated in the opinion, to be entered in this court, the judgment will be AFFIRMED.