Submitted on briefs at Pendleton October 26, affirmed November 16, 1926.

## STATE *v.* JACK LaBINE.
### (250 Pac. 738.)

**Intoxicating Liquors.**

1. Unlawful possession of intoxicating liquors may be either joint or several.

**Intoxicating Liquors.**

2. While unlawful possession of intoxicating liquor may be either actual or constructive, it must be conscious.

**Intoxicating Liquors.**

3. All parties concerned in unlawful possession of intoxicating liquor are principals.

**Intoxicating Liquors.**

4. Motion for nonsuit or directed verdict in prosecution for unlawful possession of intoxicating liquors *held* properly denied, where evidence made defendant's participation a question for jury.

Criminal Law, 16 C. J., p. 936, n. 75.
Intoxicating Liquors, 33 C. J., p. 585, n. 97, 1, 5, 9 New, p. 787, n. 64, 71.
4. Direction of verdict in criminal cases, see notes in 22 L. R. A. (N. S.) 305; 8 Ann. Cas. 808; Ann. Cas. 1916A, 1242.

From Union: J. W. KNOWLES, Judge.

In Banc.

For appellant there was a brief over the name of *Messrs. Green & Hess.*

For respondent there was a brief over the name of *Mr. Carl G. Helm,* District Attorney.

RAND, J.—The defendant was tried and convicted in a Justice's Court of the crime of unlawfully possessing intoxicating liquor. He appealed to the Circuit Court and from the judgment there imposed, this appeal was taken.

There are numerous assignments of error, none of which are well taken and only one need be noticed. The evidence disclosed that the defendant was the proprietor of a restaurant in the City of La Grande; that a search of the place was made by the officers who were armed with a proper search-warrant, and intoxicating liquor was found concealed in the restaurant. A brother of the defendant was at work for defendant at said place and claimed the liquor as his own. Each had access to the place where the liquor was found, and there was some evidence tending to show that the defendant had knowledge of the liquor being there and had control of it. The defendant requested the court to charge the jury to the effect that personal possession of the liquor was a necessary element of the crime, and the refusal of the court to so instruct is assigned as error.

In *State* v. *Alpin,* 128 Wash. 36 (221 Pac. 989), the court said: "It is not necessary, of course, that the state show an actual personal possession of intoxicat-

ing liquors by the person accused, in order to maintain a conviction. Possession may be actual or constructive, and one who has ownership of, or dominion and control over, property, with the right to its actual possession, is deemed in law to have it in possession. So it would follow that one who deposits property in a place of concealment has legal possession of it.''

1–3. The unlawful possession of intoxicating liquor may be either a joint or a several possession, and the possession may be either actual or constructive; but it must be a conscious possession: *State* v. *Harris*, 106 Or. 211 (211 Pac. 944). All parties concerned in the unlawful possession of intoxicating liquor are principals: Blackmore on Prohibition (2 ed.), p. 238, § 143.

4. There was evidence from which the jury could have found that the liquor was concealed and kept on the premises without defendant's knowledge by a brother of the defendant, which if believed, would have entitled the defendant to a verdict of not guilty, but there was other evidence tending to show the contrary. This presented a question of fact for the consideration of the jury, and since there was evidence, which, if believed, would justify the jury in returning a verdict of guilty, it was proper for the court to overrule the motion for nonsuit and the motion for a directed verdict.

The other points raised we have considered, but we find no merit in them. For these reasons, the judgment is affirmed. AFFIRMED.