## Wells v. Commonwealth.

(Decided November 18, 1927.)

### Appeal from Calloway Circuit Court.

1.  Searches and Seizures.—Affidavit for search warrant, stating ultimate facts as facts and not merely as affiant's belief, was sufficient in that respect.

2.  Searches and Seizures.—Affidavit for warrant describing premises to be searched as follows: "In a house, building, or premises, owned or controlled by W., and located and described as follows: 1½ to 2 miles N. W. of M., and adjoining W. W. on the north, ¾ mile west U. schoolhouse, in Calloway county, Kentucky," held to sufficiently describe premises sought to be searched, since description identified property in such way as to enable officer to locate premises and make search.

3.  Intoxicating Liquors.—In prosecution for possessing liquor, instruction that liquor found on defendant's premises was in his possession, if he could by exercise of ordinary care or diligence have known it was there, held erroneous, since one cannot be held

criminally liable for knowledge which might have been obtained by exercise of reasonable diligence.

4. Intoxicating Liquors.—In prosecution for possessing liquor, instruction that liquor found on defendant's premises was in his possession, provided it was there with his knowledge, held erroneous, since it may have been under control of another, and he was not necessarily in possession of such liquor.

LOVETT & LOVETT for appellant.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Reversing.

Robert Wells appeals from a judgment convicting him of unlawfully possessing intoxicating liquor, and fixing his punishment at a fine of $200 and 30 days' imprisonment.

It is first insisted that all the evidence should have been excluded, as it was obtained by a search under an invalid search warrant. The affidavit for the search warrant stated the ultimate facts as facts; and not merely as affiant's belief. It was, therefore, sufficient in that respect. Neal v. Commonwealth, 203 Ky. 353, 262 S. W. 287.

The affidavit describes the premises as follows:

"In a house, building, or premises, owned or controlled by Robert Wells and located and described as follows: 1½ to 2 miles N. W. of Murray, and adjoining Wallace Wells on the north, ¾ mile west Utterback's schoolhouse in Calloway county, Kentucky."

The description identified the property in such a way as to enable the officers to locate the premises and make the search, and, being more definite than that held sufficient in the case of Little v. Commonwealth, 205 Ky. 55, 265 S. W. 433, there is no merit in the contention that the affidavit was insufficient because the premises sought to be searched were not properly described.

Instruction No. 2, given by the trial court, is as follows:

"The court instructs the jury that if you believe from the the evidence, beyond a reasonable doubt,

that said liquor, if any, was found upon the defendant's premises, then, in law, it was in his possession, provided it was there with his knowledge or consent, or he could by the exercise of ordinary care or diligence have known it was there."

The instruction is not correct. The law does not go to the extent of imposing on the owner the duty of searching his premises for the purpose of ascertaining whether or not there is any intoxicating liquor thereon. Hence he cannot be held criminally liable for knowledge which might have been obtained by the exercise of reasonable diligence. Not only so, but one is not necessarily in possession of intoxicating liquor that is on his premises with his knowledge, for it may be under the control of another, and may be brought on the premises over the objection and protest of the owner. Bates v. Commonwealth, 218 Ky. 737, 292 S. W. 315. It follows that instruction No. 2 should not have been given.

Judgment reversed, and cause remanded for a new trial consistent with this opinion.