STATE OF IOWA, Appellee, v. CARL WHEELER, Appellant.

No. 41982.

JUNE 20, 1933.

Earl R. Ferguson, for appellant.

Edward L. O'Connor, Attorney-general, Walter F. Maley, Assistant Attorney-general, and G. W. Brown, County Attorney, for appellee.

STEVENS, J.—The present conviction of the defendant is the fourth in a series of prosecutions for the violation of the prohibitory liquor laws of this state. When the defendant was arrested and taken in custody by a police officer, a pint bottle, partially filled with alcohol, was found in his overcoat pocket. At the time of his arrest, he was in a state of intoxication and showed, on his person, the effects of a physical encounter. He testified that he and his wife attended a party at which liquor was served, that while present he drank some liquor, but denied that he took any with him to the party or consciously took any away therefrom. He denied that he was consciously in possession of the liquor; affirmed that he did not place it in his pocket; and that he had no knowledge whatever that it was there.

Two specific defenses were urged by the defendant, one that he was so intoxicated that he was incapable of forming a criminal intent and the other based upon the matters already recited that he had no conscious knowledge of the presence of the bottle in his overcoat pocket, or that it was otherwise in his possession. The defense of intoxication was submitted to the jury. The court, however, did not, in its charge to the jury, refer in any way to the claim of the defendant that he had no conscious knowledge of the presence of the liquor on his person. No instruction was requested on this point, nor, as stated, was any given.

The jury was instructed "that the statutes of this state, among other things, provide that no person shall keep in his possession or carry about on his person any intoxicating liquor unlawfully." The crime charged was not otherwise defined; that is to say, the jury was not instructed as to what constitutes the unlawful possession of intoxicating liquors. No complaint, however, is made by the defendant of the failure of the court to define the crime. The gist of the offense charged is the unlawful possession of intoxicating liquors. Unless the defendant was in the unlawful possession thereof, he was entitled to an acquittal. The defendant, as stated, testified that he had no conscious knowledge of the presence

of intoxicating liquor upon his person or in his possession. Obviously, if this testimony was true, the defendant should have been acquitted. State ex rel. Paul v. Straka, 209 Iowa 572, 227 N. W. 909; State v. Matthes, 210 Iowa 178, 230 N. W. 522; Morgan v. Koestner, 83 Iowa 134, 49 N. W. 80; State v. Harris, 106 Or. 211, 211 P. 944; Reynolds v. State, 92 Fla. 1038, 111 So. 285; City of Jackson v. Gordon, 119 Miss. 325, 80 So. 785; State v. Cox, 91 Or. 518, 179 P. 575; In re Baugh, 30 Idaho 387, 164 P. 529; State v. Trybom, 195 Iowa 780, 192 N. W. 813.

It was the duty of the court, without request therefor, to fairly present the issues to the jury in order that they might have a clear and intelligent conception of the questions before them for decision. State v. Brandenberger, 151 Iowa 197, 130 N. W. 1065; State v. Kendall, 200 Iowa 483, 203 N. W. 806; Busch v. Tjentland, 182 Iowa 360, 165 N. W. 999; State v. Donovan, 61 Iowa 369, 16 N. W. 206.

The court is satisfied that the issues were not in this case thus submitted. Nowhere in the instructions was the jury told that, if the defendant had no knowledge of the liquor found in his overcoat pocket, such possession would not be unlawful. It is true that the issue of intoxication is somewhat over-emphasized by appellant but proper exception was preserved to the failure of the court to, in some way, advise the jury that, if the liquor found in the defendant's overcoat pocket was placed there by some one else, without his knowledge or consent and he did not know at the time that it was there, or otherwise in his possession, he was entitled to an acquittal. The failure of the defendant to request an instruction on the point where it is apparent that the defendant did not have a fair trial is not fatal.

It follows that the judgment must be and it is reversed.— Reversed.

KINDIG, C. J., and MITCHELL, ANDERSON, and KINTZINGER, JJ., concur.