STATE OF NEBRASKA, APPELLEE, V. RICHARD EBERHARDT, APPELLANT.

125 N. W. 2d 1

Filed November 29, 1963. No. 35490.

Joseph J. Cariotto, for appellant.

Clarence A. H. Meyer, Attorney General, and Bernard L. Packett, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

YEAGER, J.

This is a criminal action prosecuted in the name of the State of Nebraska, plaintiff, appellee here, against Richard Eberhardt, defendant, appellant here, who was originally charged in the justice of the peace court of Melvin R. Cornell in and for Saline County, Nebraska, with the offense of a minor in possession of alcoholic liquor in violation of section 53-180.02, R. R. S. 1943. The appellant was convicted in the justice of the peace court and from the conviction he appealed to the district court for Saline County. On appeal he was tried to a jury and there was convicted of the offense. He filed a motion

for new trial which motion was overruled. He was sentenced to pay a fine of $35 and the costs of prosecution, and to be confined in the county jail until the fine and costs were paid. In addition he was sentenced to serve a term of 5 days in the county jail. From this judgment and the order overruling the motion for new trial he has appealed to this court.

The statutory provision which it is contended that the appellant violated is the following:

"No minor may sell or dispense or have in his possession or physical control any alcoholic liquor in any tavern or in any public place including public streets, alleys, roads, highways, upon property owned by the State of Nebraska or any subdivision thereof, or inside any vehicle while in or on any public place including but not limited to the public streets, alleys, roads, highways, or upon property owned by the State of Nebraska or any subdivision thereof." § 53-180.02, R. R. S. 1943.

The brief of appellant contains numerous assignments of error as grounds for reversal most of which relate to admissibility of evidence. One however charges, in effect, that assuming the admissibility of the evidence admitted, it was insufficient as proof of guilt of the crime charged against the appellant. This one will be considered first, since of course if the proof is insufficient it will not be necessary to consider the other assignments of error.

The determination depends of course upon whether or not there was evidence to sustain the charge of possession within the statutory meaning of that term. At the outset it will be said that alcoholic liquor was found in an automobile which was at the time in the possession and under the control of the appellant. The question is therefore limited to that of whether or not the evidence was sufficient upon which to base a finding that the liquor was, within the meaning of the statute, in his possession or physical control.

The evidence bearing on this question discloses that

in the early evening or late afternoon the appellant, of the age of 17 years, with a friend of the same age, drove from Friend, Nebraska, to Crete, Nebraska, in an automobile belonging to the mother of appellant which she had allowed him to take and use. In Crete they went to a show. After the show they had something to eat and then drove back to Friend. About 11:30 p.m. they were parked in Main Street. Two other automobiles were parked alongside. The appellant was in the driver's position and the other person was on the other side. At this time a night police officer, who designated himself as chief of police, drove around the corner and the other two automobiles moved away. The appellant did not move away. The officer drove up, stopped, and asked to see the driver's license of appellant. This was turned over to him.

The officer testified he observed the driver's license, and further testified: "I could get the odor of beer, and I asked the boys to get out of the car. I asked them to step out of the car." There is no evidence as to the source of the beer odor or the direction from which it came. He said that the appellant stepped right out, but the other didn't want to until he was asked a second time and he, the officer, had walked around to the other side.

The officer testified that after the two boys got out he found on the floor of the automobile in the front two bottles of beer which he picked up. He asked the appellant about the beer. As to the conversation, the following appears in the bill of exceptions: "Q What did he answer? A He said, 'I have just got it.' And he asked me if I couldn't give him a break. And I said, 'No, I can't. I have to take you up to the police station.' * * *." In response to a question the officer testified as to the bottles: "They were cold." He testified that the bottles were in plain view and he did not see them until he went to the passenger's side of the automobile. This includes a résumé of the entire pertinent evi-

dence of the State including all statements purporting to have been made by the appellant relative to his possession, knowledge, or use of the beer.

Inez Eberhardt, the mother of the appellant, was called as a witness for the appellant. She testified that the automobile the appellant was driving belonged to the Friend Auto Exchange which was a partnership belonging to her and her husband, and that the appellant had her permission to use the automobile on this occasion.

Donald Murphy, the other occupant of the automobile in question, was called as a witness on behalf of the defendant. The evidence indicates that he was a codefendant with the appellant in the justice of the peace court but the disposition of the case as to him is not disclosed. He testified that prior to the arrest he knew that the beer was in the automobile and that he pushed it back under the seat where it could not be seen without a search. He was never asked by the attorney for the State or for the appellant if he knew how the beer happened to be in the automobile, and he did not volunteer any such information.

The appellant testified as a witness in his own behalf and described the occurrence, the events of the evening prior thereto, the use and ownership of the automobile, and the incidents involved in the arrest and discovery of the beer.

As has already been indicated the question is that of whether or not the evidence was sufficient to sustain a finding by a jury that the appellant was, within the meaning of the statutory provision quoted herein, guilty of the offense charged against him. Attention has already been called to the evidence of the State bearing on that question. In the testimony of the appellant appear the following questions and answers relating to what occurred at the arrest: "Q What did he say? A He asked for my driver's license." "Q Richard, then what happened? A He told me to get out of the car, so I got out." "Q All right. Then what happened? A.

So Don just got out and walked away. And he bent down and reached underneath the seat and he pulled out some beer that was under there. Q Had you seen that beer before? A No. I hadn't. Q Richard, there has been testimony here that you told Mr. Widick that it was your beer and you just got it. What did you tell Mr. Widick? A I don't remember for sure. I was so scared. I never even knew it was under there. It was kind of a remark I had, I guess. I didn't know what to say." "Q Well, did you tell Mr. Widick that you just got the beer there? Did you say, 'Well, I guess I just got it' Or, 'I didn't know it was here?' Or just what did you say? Just tell us what you told him. A I might have said 'I just got it.' I don't remember for sure, but that could have been what I said."

The foregoing is a summary of the evidence upon which the determination in this case must depend.

This court has never directly passed upon the question of what is embraced in the meaning of unlawful possession as the term is employed in the statutory provision. Reference however to texts and the decisions of the courts of other jurisdictions indicates that evidence of mere possession is not sufficient as proof of the commission of an offense. A rule applicable here is stated in 48 C. J. S., Intoxicating Liquors, § 222 (b), p. 353, as follows: "Whether the possession is actual or constructive, however, it must be conscious; and a possession unknown to accused, or not consented to by him, is not within the statutes." This principle finds support in State v. Johnson, 39 Idaho 440, 227 P. 1052; Malich v. State, 201 Ind. 587, 169 N. E. 531; State v. Wheeler, 216 Iowa 433, 249 N. W. 162; Wells v. Commonwealth, 221 Ky. 796, 299 S. W. 975; Glowaski v. State, 20 Ohio App. 112, 153 N. E. 157; State v. LaBine, 119 Or. 583, 250 P. 738; State v. Muetzel, 121 Or. 561, 254 P. 1010; State v. Salte, 54 S. D. 536, 223 N. W. 733; Grady v. State, 133 Tex. Cr. 617, 113 S. W. 2d 913. Attention has not

been called to any cases or statement contrary to this rule.

It follows from this that the conviction of appellant was erroneous unless there was evidence sufficient to prove that he was conscious of and knew that he was in possession of this beer.

It requires no citation of authority to permit it to be said this element was capable of proof by either direct or circumstantial evidence which of course would include admissions, if any were made. Here there was evidence of the location of the beer at the time of its seizure and the arrest of the appellant. There was no evidence that prior thereto the appellant knew or was conscious of its presence in the automobile. There is evidence of what might be regarded as somewhat equivocal responses to questions asked by the police officer, but none of them could be regarded as admissions of consciousness or knowledge theretofore that the beer was in the automobile.

That as a circumstance could not be properly resolved against the appellant. In Reyes v. State, 151 Neb. 636, 38 N. W. 2d 539, in dealing with the principle involved here, this court said: "Circumstantial evidence should be weighed and acted upon cautiously, and a conviction should not be based upon suspicion, speculation, the weakness of the status of the accused, the embarrassing position in which he finds himself, or the mere fact that some unfavorable circumstances are not satisfactorily explained."

No such material circumstance is apparent on the face of the record to which attention has not been called, except one, and it, if pertinent at all, does not favor the State. As to it the other person in the automobile was called as a witness and testified as to the hiding by him of the beer and its finding. The State made no inquiry of him as to his knowledge or ownership or possession. It is true also that no such inquiry was made on behalf of the appellant.

There was never any departure by the appellant from his insistence that he had no knowledge that the beer was in the automobile until the search and seizure. It follows that only evidence of circumstances or circumstantial evidence was adduced as proof of guilt against the appellant. The evidence was insufficient as proof of the crime charged against him. The rule applicable in this instance is as follows: "Where circumstantial evidence is relied upon, the circumstances proven must relate directly to the guilt of the accused beyond all reasonable doubt in such a way as to exclude any other reasonable conclusion." Reyes v. State, *supra*.

The motion of the appellant made at the conclusion of the evidence to dismiss the complaint should have been sustained. The conviction and sentence of the appellant should be and are set aside, and the complaint is dismissed. This determination renders unnecessary a consideration of the other assignments of error.

REVERSED AND DISMISSED.

CARTER, J., dissenting.

I find no fault with the summary of the evidence as stated in the majority opinion. I do contend that the evidence presents a jury question.

There is evidence in the record that the two bottles of beer were in plain sight in the automobile which the defendant was driving. The arresting officer testified that when he asked the defendant about the beer he responded "I have just got it." Defendant then asked the officer if he could not give him a break, to which the officer responded that he could not. The officer also testified that the beer was cold, which is some evidence it had not been long in the car. To me the evidence is sufficient to sustain a finding of possession and knowledge within the meaning of the statute. In my opinion it is sufficient to sustain the verdict of the jury. I would affirm the judgment of the district court.

WHITE, C. J., joins in this dissent.