STATE OF NEBRASKA, APPELLANT, v. DWIGHT EDWIN FAIRCLOTH ET AL., APPELLEES.

148 N. W. 2d 187

Filed February 3, 1967. No. 36385.

Robert E. Richards and Everett O. Richards, for appellant.

William S. Padley, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, and McCOWN, JJ., and WEAVER, District Judge.

BOSLAUGH, J.

The defendants, Dwight Edwin Faircloth, James Allen Oram, and Larry Dale Martin, were charged with unlawful possession and control of narcotics in violation of section 28-452, R. R. S. 1943. At the close of the State's evidence the defendants' motion to dismiss for want of sufficient evidence was sustained by the trial court.

Application was then made to this court by the State, pursuant to section 29-2315.01, R. R. S. 1943, and leave to docket error proceedings was obtained. The State seeks a review of the judgment of the trial court dismissing the prosecution for lack of sufficient evidence. Since the defendants were placed in jeopardy, this proceeding will not affect the judgment of the trial court in any manner. § 29-2316, R. R. S. 1943.

The evidence shows that defendants were apprehended on January 7, 1966, on U. S. Highway No. 30 approximately 1½ miles west of Chappell, Nebraska. They were riding in an automobile which was registered in the name of William Ross. A state patrolman stopped the automobile because the left headlight was out. Fair-

cloth was driving the automobile. Oram was seated on the right side of the front seat with a blue duffle bag "down between his legs." Martin was sleeping in the rear seat. The defendants stated that "they were on the way from California, going to Lincoln, Nebraska to look for work." The patrolman required the defendants to follow him into Chappell so that the ownership of the automobile could be determined.

When apprehended, the defendants' clothing was soiled and disarrayed and it appeared that they had been sleeping in their clothing. They appeared to be under the influence of alcoholic liquor, but there was no odor of alcoholic liquor about them. Their eyes were dull, watery, and bloodshot. The defendants were placed in the county jail at Chappell, Nebraska, but no tests were administered to determine whether the defendants were intoxicated. No body fluids were withdrawn, and the defendants were not examined by a physician.

On the following day, a search warrant was obtained. The "belongings" which were in the front seat, rear seat, and trunk of the car were brought into the sheriff's office and searched in the presence of the defendants. Marihuana was found in the blue duffle bag and in a suitcase which had been taken from the car. Cigarette papers were scattered throughout the car, and were found in the pockets of the clothing of some of the defendants, but no tobacco was found. The record does not identify which of the defendants had cigarette papers in their pockets. Bottles of pills, which are not otherwise described in the record, syringes, cigarette papers, matches, and two knives were also discovered in the duffle bag and suitcase.

The defendants denied any knowledge of the "belongings" taken from the car. The blue duffle bag and suitcase were not produced at the trial. The clothing and other contents of the blue duffle bag and suitcase, except the items previously mentioned, were not produced at the trial and are not described in the record.

On cross-examination, the sheriff was asked if the defendants had stated that they knew the chemical character of the exhibits that had been identified. The sheriff answered that Oram had said that he smoked marihuana and was going to continue to smoke it. The answer was stricken on the motion of the defendants as not responsive, and the sheriff was not questioned further about the statement.

The evidence of the State establishes that marihuana was found in the blue duffle bag and suitcase which were in the automobile in which the defendants were riding. There is very little evidence to connect or identify any particular defendant with the blue duffle bag or suitcase.

Where circumstantial evidence is relied upon in a criminal prosecution, the circumstances proven must relate directly to the guilt of the accused beyond all reasonable doubt in such a way as to exclude any other reasonable conclusion. State v. Eberhardt, 176 Neb. 18, 125 N. W. 2d 1.

To justify a conviction on circumstantial evidence, it is necessary that the facts and circumstances essential to the conclusion sought must be proved by competent evidence beyond a reasonable doubt, and, when taken together, must be of such a character as to be consistent with each other and with the hypothesis sought to be established thereby and inconsistent with any reasonable hypothesis of innocence. Reyes v. State, 151 Neb. 636, 38 N. W. 2d 539. Any fact or circumstance reasonably susceptible of two interpretations must be resolved most favorably to the accused.

A conviction cannot be based upon suspicion, speculation, the weakness of the status of the accused, the embarrassing position in which he finds himself, or the fact that some unfavorable circumstances are not satisfactorily explained. Reyes v. State, *supra*.

Section 28-452, R. R. S. 1943, is a part of the Uniform Narcotic Drug Act which has been adopted in nearly every state. See 9B U. L. A., p. 409. Under this act it

has been generally held that in order to prove unlawful possession, the evidence must show that the accused had physical or constructive possession with knowledge of the presence of the drug and of its character as a narcotic. Annotation, 91 A. L. R. 2d, at page 821. A similar rule prevails in this state with respect to unlawful possession of intoxicating liquor. See State v. Eberhardt, *supra.*

Proof of guilty knowledge may be made by evidence of acts, declarations, or conduct of the accused from which the inference may be fairly drawn that he knew of the existence and nature of the narcotics at the place where they were found. People v. Mack, 12 Ill. 2d 151, 145 N. E. 2d 609. But mere presence at a place where a narcotic drug is found is not sufficient. State v. Hunt, 91 Ariz. 149, 370 P. 2d 642; Carroll v. State, 90 Ariz. 411, 368 P. 2d 649. As stated by the Arizona court in State v. Hunt, *supra,* joint possession cannot be established by the fact that the defendant is or has been in the company of one who has a narcotic drug on his person. An additional independent factor linking the defendant with the narcotic must be shown. See, also, Spataro v. State (Fla. App.), 179 So. 2d 873; Evans v. United States, 257 F. 2d 121.

In this case the evidence shows that Oram had the blue duffle bag containing marihuana between his legs when the automobile was stopped by the patrolman. This circumstance placed the marihuana "within such close juxtaposition" or "easy reach" of the defendant that he could be found to be in possession of it. Hunt v. State, 158 Tex. Cr. 618, 258 S. W. 2d 320; Duran v. People, 145 Colo. 563, 360 P. 2d 132. It was sufficient to permit the jury to have inferred that the marihuana found in the bag was under his possession and control. We think the motion to dismiss made at the close of the State's evidence should have been overruled as to Oram.

As to the other defendants, we believe that the ruling of the trial court on the motion to dismiss was correct.

There was no circumstance, other than their presence in the automobile with Oram on the trip from California, to connect them with his possession of the marihuana.

It is unfortunate that the evidence in this case was not as fully developed as the record suggests it might have been. As sometimes happens, the prosecuting attorney may have been prevented from making a full presentation of the evidence which otherwise appears to have been available. In cases of this nature, where the evidence is usually of a circumstantial nature, it is important that all of the available facts be developed and presented in the trial court.

EXCEPTIONS SUSTAINED IN PART,
AND IN PART OVERRULED.

WEAVER, District Judge, dissenting.

The majority opinion holds that the motion to dismiss should have been overruled as to Oram, and in that I agree. However, it holds that the motion should be sustained as to the other defendants.

While this is a case of first impression in this state, it is, nevertheless, elementary that the opinions and holdings of this court should rest first upon the applicable law of this state and that holdings of other jurisdictions should be secondary.

The majority opinion cites from State v. Hunt, 91 Ariz. 149, 370 P. 2d 642, as follows: "But mere presence at a place where a narcotic drug is found is not sufficient." In that case the defendant had been in the house just before it was searched, but at the time of the search the defendant was in a grocery store some distance away and the only persons in the house were the tenant and two other persons. The facts are entirely different than the instant case, but it should be noted that in that case the court also said: *"Exclusive possession is not required as two or more persons may have joint possession of the drug."* (Emphasis supplied.)

In Carroll v. State, 90 Ariz. 411, 368 P. 2d 649, defendant and another man were sitting on a park bench.

They were searched and released, whereupon they boarded an airplane. The officers then searched the area near the bench and found a package of heroin. The defendant and his companion were taken from the plane. These facts bear no similarity to the case now before this court for consideration.

In Evans v. United States, 257 F. 2d 121, the defendant Mildred Evans occupied an apartment which was frequented by a male acquaintance, William Evans, who was not her husband. At the time of the arrest William had been at the apartment 5 minutes. Twenty-two grains of marihuana were found concealed under the carpet on the top step. *Both Mildred and William disclaimed knowledge or possession of the marihuana, but both defendants were tried on the charge.* Mildred was acquitted. William was convicted and the conviction affirmed. The case supports the theory that the question of the innocence or guilt of all three defendants should be submitted to the jury in the instant case.

It has been said in jest that the Supreme Court corrects the errors of the trial court and perpetuates its own errors. I would urge that this court not perpetuate the holding in State v. Eberhardt, 176 Neb. 18, 125 N. W. 2d 1, cited in the majority opinion. The holding in that case relating to "possession" was based on a series of authorities from other jurisdictions, without any reference whatever to the statutory law of those jurisdictions. It finds no support whatever in Nebraska law and has since then been, in my opinion, repudiated by this court in State v. Stroh, *ante* p. 24, 146 N. W. 2d 756. The Stroh case involved a charge of breaking and entering but also involved the question of who had possession of certain burglary tools, and the opinion reads in part as follows: "But, the evidence does show that the defendant and his two accomplices entered the building together and that *some of them* had possession of the tools admitted in evidence * * *. There is evidence here that the defendant broke into and entered, along

with two companions, the building in question. Even though not identified as having any particular tool in his possession, *the entry into the building at 1:40 a.m. with two companions possessing such tools is sufficient to warrant an inference, under the circumstances, that he had knowledge of and was connected with the actual possession of such tools.* It was relevant to the issue of intent. The above case (referring to a citation by defendant Stroh) also found that there was no proof that the articles found had ever been in the possession of any of the defendants. In this case, the opposite is true since the tools were found in the possession of *either the defendant or his two accomplices.*" (Emphasis supplied.)

The Nebraska law properly applicable to the case now before the court is as follows: "A common purpose among two or more persons to commit a crime need not be shown by positive evidence but may be inferred from the circumstances surrounding the act and from defendant's conduct subsequent thereto. * * * Participation in criminal intent may be inferred from presence, companionship, and conduct before and after the offense is committed. * * * The credibility of witnesses and the weight of the evidence are for the jury to determine in a criminal case and the verdict of the jury may not be disturbed by this court unless it is clearly wrong." State v. Knecht, *ante* p. 149, 147 N. W. 2d 167.

"It is only where there is a total failure of proof to establish a material allegation of the information, or the testimony is of so weak or doubtful a character that a conviction based thereon cannot be sustained, that the trial court is justified in directing a verdict for the defendant." State v. Knecht, *supra.* See, also, State v. Martin, 177 Neb. 209, 128 N. W. 2d 583.

"It is the province of the jury to determine the circumstances surrounding and which shed light upon the alleged crime; *and if, assuming as proved the facts which the evidence tends to establish, they cannot be accounted for upon any rational theory which does not include the*

*guilt of the accused, the proof cannot, as a matter of law, be said to have failed."* (Emphasis supplied.) State v. Bundy, *ante* p. 160, 147 N. W. 2d 500.

The motions of all three defendants should have been overruled and the matter submitted to the jury for decision.

CARTER, J., joins in this dissent.