STATE OF NEBRASKA, APPELLEE, V. CHARLES KLUTTS, APPELLANT.

284 N. W. 2d 415

Filed October 16, 1979. No. 42589.

James T. Hansen, for appellant.

Paul L. Douglas, Attorney General, and Mel Kammerlohr, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, MCCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

KRIVOSHA, C. J.

The appellant herein, having been previously charged in a criminal information with possession of more than 1 pound of marijuana and having been found guilty by a jury, appeals to this court contending that appellant's motion for directed verdict made at the close of the State's case should have been sustained. Following an examination of the record in this case, we agree with the appellant, and accordingly reverse and dismiss the information.

The evidence in the record discloses that on the evening of February 13, 1978, armed with a search warrant, State Patrol officials gained access to a

residence at 845 L Street in the city of Gering, Nebraska. At the time the officers entered the premises, no one was at home. The record further discloses that appellant was never seen by the officers at the premises.

Upon entry into the premises, pursuant to the search warrant, the officers discovered a quantity of marijuana seeds weighing more than 1 pound, together with various other paraphernalia which the officers testified was used in connection with the smoking of marijuana. No evidence was offered by the State to in any manner establish that the personal property or the marijuana seeds were the property of the appellant.

The State argues that its failure to establish actual possession of the contraband by the appellant is not fatal to a charge of possession because of our earlier decision in the case of State v. Rys, 186 Neb. 341, 183 N. W. 2d 253. In the Rys case we indeed did say: "Ordinarily, when liquor, narcotics, or contraband materials are found on a defendant's premises or in an automobile possessed and operated by him, the evidence of unlawful possession is deemed sufficient to sustain a conviction in the absence of any other reasonable explanation for its presence." The evidence in this case, however, did not directly connect the appellant with the premises or any of the possessions therein. It was only on the basis of purported circumstantial evidence, if admissible, that the connection could be made.

We have had occasion to discuss the matter of circumstantial evidence insofar as it relates to a criminal conviction, and in the case of State v. Eberhardt, 176 Neb. 18, 125 N. W. 2d 1, we said: " 'Where circumstantial evidence is relied upon, the circumstances proven must relate directly to the guilt of the accused beyond all reasonable doubt in such a way as to exclude any other reasonable conclusion.' "

In State v. Faircloth, 181 Neb. 333, 148 N. W. 2d 187, we said: "To justify a conviction on circumstantial evidence, it is necessary that the facts and circumstances essential to the conclusion sought must be proved by competent evidence beyond a reasonable doubt, and, when taken together, must be of such a character as to be consistent with each other and with the hypothesis sought to be established thereby and inconsistent with any reasonable hypothesis of innocence. [Citation omitted.] Any fact or circumstance reasonably susceptible of two interpretations must be resolved most favorably to the accused." In Reyes v. State, 151 Neb. 636, 38 N. W. 2d 539, we said: "[A] conviction should not be based upon suspicion, speculation, the weakness of the status of the accused, the embarrassing position in which he finds himself, or the mere fact that some unfavorable circumstances are not satisfactorily explained." Further, in State v. Faircloth, *supra*, we said: "Proof of guilty knowledge may be made by evidence of acts, declarations, or conduct of the accused from which the inference may be fairly drawn that he knew of the existence and nature of the narcotics at the place where they were found. [Citation omitted.] But mere presence at a place where a narcotic drug is found is not sufficient."

The only evidence offered by the State in this case to prove the appellant resided at 845 L Street was the testimony of the investigating officer who stated, over objection of the appellant, that he checked the city directory and found the address was listed to a "Charles Klutts." Likewise over objection, the investigating officer testified he had made inquiry of other people and they advised him "Charles Klutts" lived at that address.

The evidence further discloses that during the time the officers were making the inventory at the L Street residence they were visited by a man and woman who identified themselves as Mr. and Mrs.

*Charles* Klutts. This Mr. Charles Klutts was not the same person as the appellant. The evidence established that Mr. and Mrs. Charles Klutts present at the address were the parents of the appellant and the owners of the property.

From this summary it should be apparent that the objections made by counsel for the appellant concerning testimony offered by the State's witness should have been sustained. Information from the city directory or what others had told the investigating officer was clearly hearsay and not admissible. Section 27-801, R. R. S. 1943, defines hearsay evidence as: "[A] statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted; * * *." None of the exceptions to the hearsay rule set forth in Article VIII of Chapter 27 of the Nebraska Statutes could possibly permit testimony concerning either the city directory or what others had told the investigating officer for the purpose of proving that the appellant resided at the premises and had control over the property.

A case almost directly in point is the case of Seay v. State, 228 P. 2d 665, decided by the Oklahoma Criminal Court of Appeals. In the Seay case, the defendant was charged by information with the offense of unlawful possession of whiskey at his residence. To try to prove the residence was occupied by the defendant, the police officer was handed a telephone book which he identified as that of the telephone company at Muskogee, Oklahoma. Thereafter upon interrogation the officer proceeded to testify that the defendant was listed in the telephone book. In reversing the conviction the Oklahoma court said: "This evidence constituted hearsay and therefore was clearly inadmissible. That it was highly prejudicial cannot be doubted, for the recitals contained in the telephone book and the recitals contained in the search warrant constituted the only evidence by

which the defendant was connected with the possession of the liquor, all of which was inadmissible and highly prejudicial to the rights of the defendant." To the same or similar effect see, People v. Crosby, 25 Cal. Rptr. 847, 375 P. 2d 839; Geo. C. Vaughan & Sons v. Harrisburg Nat. Bank, 195 S. W. 2d 613 (Tex. Ct. App., 1946); Dillard v. Jackson's Atlanta Ready Mix Concrete Co., 105 Ga. App. 607, 125 S. E. 2d 656.

Further, over objection, the State's witness volunteered that the appellant's parents told him their son "Tim" lived at the premises. The witness then testified that he knew the appellant as "Tim." The statement as to what the parents said was clearly voluntary and inadmissible. Moreover, had a proper question been asked, it would have been objectionable as hearsay.

The inadmissibility of the testimony of the State's witness as to what other people had told him was clearly hearsay and requires no citation of authority other than reference to the definition of hearsay as contained in the Nebraska statutes. § 27-801 (3), R. R. S. 1943. All of these statements were objected to by the appellant's counsel and all of the objections were overruled. The trial court clearly erred in overruling the objections. Had those objections been sustained as they should have been and the statements not permitted in evidence, there would have been no evidence that would have in any manner connected the appellant with the premises at 845 L Street. Where, in a criminal case, there is a total failure of competent proof to support a material allegation in the information or where the testimony added is of so weak or doubtful character that a conviction based thereon cannot be sustained, a motion for directed verdict should be granted. State v. Bennett, 204 Neb. 28, 281 N. W. 2d 216; State v. Holloman, 197 Neb. 139, 248 N. W. 2d 15. The State, then, having failed to introduce evidence to connect the appellant with the premises, failed to prove its case

and the motion for directed verdict should have been sustained.

Accordingly, we must set aside the judgment and dismiss the information.

REVERSED AND REMANDED WITH
DIRECTIONS TO DISMISS.